NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN TUCKER,<br><br>Plaintiff,<br><br>v.<br><br>THE ARC, INC. et al.,<br><br>Defendants. | Civil Action No. 25-12096 (RK) (TJB)<br><br>__MEMORANDUM OPINION__ |

__KIRSCH, District Judge__

**THIS MATTER** comes before the Court upon The Arc, Inc., Steven Cook, and Colleen Peterman's (collectively, "Defendants") Motion to Dismiss *pro se* Plaintiff John Tucker's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). ("Mot.," ECF No. 10.) Plaintiff filed an opposition brief styled as a "motion in opposition to Defendants' motion to dismiss," ("Opp.," ECF No. 13), Defendants filed a reply, (ECF No. 14), and Plaintiff, without first obtaining permission from the Court, filed a sur-reply, (ECF No. 15).[1] The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**.

## I.    BACKGROUND

On June 24, 2025, Plaintiff, proceeding *pro se*, commenced this action by filing a "Complaint for the Violations of the Civil Rights Act, for Wrongful and Unconstitutional

---

[1] Local Civil Rule 7.1(d)(6) provides that "[n]o sur-replies are permitted without permission of the Judge to whom the case is assigned."

Termination, Discrimination[,] Violations of the Americans with Disabilities Act and the and [sic] Unconstituional [sic] Violations [of the] Family and Medical Leave Act." ("Compl.," ECF No. 1.) In his four-and-a-half-page Complaint, Plaintiff alleges two causes of action: one count under the Americans with Disabilities Act ("ADA") and one count under the Family and Medical Leave Act ("FMLA"). (*Id.* ¶¶ 13–20.) Plaintiff otherwise cites, under a "Jurisdiction and Venue" heading, a slew of federal laws and "the New Jersey State Constitution" as providing the basis for the Court's jurisdiction. (*See id.* ¶ 1 ("This Court has jurisdiction pursuant to the Civil Rights Act of 1871 pursuant to 42 U.S.C. §1983, 1985(3), 1986 and 1988. A Declaratory and Injunctive Relief pursuant to 28 U.S.C. § 2201 and 2202. 28 U.S.C. § 1331 and 1343, as Plaintiff alleges violations of the Fifth and Fourteenth Amendments to the United States Constitution and the New Jersey State Constitution.").) Plaintiff sues three Defendants: the Arc, Inc., and, "individually and in their official capacity," Executive Director Steven Cook and Chief Human Resources Officer Colleen Peterman.[2] (*Id.* at 1.)

Plaintiff alleges that from December 27, 2013 until his termination on February 3, 2025, he was employed at the Arc Mercer, an entity which he fails to describe, as an Enterprise Site Supervisor in the Janitorial Department. (*Id.* ¶ 5.) He alleges he was a "loyal, conscientious and dedicated" employee who received numerous awards and accolades for his job performance and character, and attaches to the Complaint a number of certificates, photographs, and letters of commendation from 2017 to 2020. (*Id.*; *see id.* ¶¶ 5–7; ECF No. 1-1 at 1–13.) According to Plaintiff, after taking approved leave under the FMLA and prior to his scheduled return to work on February 3, 2025, he was informed that his position had been "eliminated." (*Id.* ¶ 9; *see id.*

---

[2] As explained below, Plaintiff names "the Arc, Inc.," as a Defendant in the case caption, (Compl. at 1), then refers to "the Arc Mercer, Inc.," in the body of his Complaint, (*e.g., id.* ¶ 4).

¶¶ 8–9.) Plaintiff alleges that on January 27, 2025, an "impromptu telephone conference was held" with the Director of Janitorial Services (an unnamed non-party) and "Human Resources," during which the non-party Director "intimated" that Plaintiff's services were "no longer required" and "offered to reassign plaintiff to a vacant position within the Janitorial Department," which Plaintiff "declined."[3] (*Id.* ¶¶ 7, 10.) However, says Plaintiff, "the position is not vacant, but has been unlawfully, unconstitutionally and discriminatorily awarded to individuals who have a personal connection and relationship with some or all of the defendants." (*Id.* ¶ 7.) Plaintiff further asserts that "Defendant" classified his refusal to accept this reassignment as a "voluntary resignation," despite Plaintiff's "clear intent to return to his previous role." (*Id.* ¶ 11.) Plaintiff claims that he "was not provided proper notice of termination nor an opportunity to discuss accommodations related to his medical leave and disability status." (*Id.* ¶ 12.) He does not elaborate on his "medical leave and disability status" or the accommodations he believes should have been "discuss[ed]." (*See id.*) Plaintiff seeks monetary damages, a declaration that "Defendant" violated his rights under the ADA and FMLA, and reinstatement to his previous employment position or its equivalent. (*Id.* at 5.)

On December 16, 2025, Defendants timely filed the instant Motion to Dismiss. (*See* Mot.) Plaintiff opposed Defendants' Motion, albeit in the form of a motion "for an Order DENYING Defendants' Motion to Dismiss," (*see* Opp.), and Defendants replied, (ECF No. 14).

---

[3] Plaintiff first alleges it was the non-party "Director of Janitorial Services" who offered to reassign him to a different position, (Compl. ¶ 7), then alleges it was "Defendant" who did so, (*id.* ¶ 10).

## II.    LEGAL STANDARD

### A. Rule 8

Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule's purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The United States Court of Appeals for the Third Circuit has advised that courts should "be flexible when applying procedural rules" to and "interpreting [the] pleadings" of *pro se* plaintiffs. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Indeed, this caution is "driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (cleaned up) (citation omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." (citation omitted)).

However, a plaintiff's *pro se* status does not permit him to ignore the requirements of the federal rules. "[A] litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because []he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (per curiam). Even a *pro se* plaintiff must "allege sufficient facts in their complaint[] to support a claim," *Mala*, 704 F.3d at 245, and Defendants still require "fair notice" of the claims they will be expected to answer, *Twombly*, 550 U.S. at 555.

4

### B. Failure to State a Claim

For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions and therefore, are inadequate to survive dismissal. *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)); *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224–25 (3d Cir. 2011). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234–35 (3d Cir. 2008)).

Mere "conclusory allegations against [d]efendants as a group" that "fail[] to allege the personal involvement of any [d]efendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015) (citing *Aruanno v. Main*, 467 F. App'x 134, 137–38 (3d Cir. 2012) (per curiam)). A plaintiff must allege "meaningful facts which establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When multiple defendants are sued, a plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "*which*

5

[d]efendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013).

**III.    DISCUSSION**

Plaintiff's Complaint is subject to dismissal first because Plaintiff fails to allege specific wrongdoing against each individual Defendant. As far as the Court can tell, Plaintiff distinguishes between the named Defendants a mere three times: only in the case caption, introductory paragraph, and "Parties" section of his Complaint—albeit naming "the Arc, Inc." in the case caption, then naming "the Arc Mercer, Inc." thereafter. (*See* Compl. at 1 (naming "the Arc, Inc., Steven Cook, Executive Director and Colleen Peterman, Chief Human Resources Officer for the Arc Mercer County" in the case caption, then stating in an introductory paragraph that Plaintiff "seeks relief against Defendant the Arc Mercer, Inc., Steven Cook, Executive Director and Colleen Petermann, Chief Human Resources Officer for the Arc Mercer"); *id.* ¶ 4 (stating in the "Parties" section that "Defendant the Arc Mercer, Inc., is a corporation headquartered in Ewing, New Jersey; Steven Cook, is the Executive Director and Colleen Petermann, Chief Human Resources Officer for the Arc Mercer").) Throughout the remainder of Plaintiff's Complaint, Plaintiff groups "Defendants" together or references an unidentified "Defendant" without specifying to which of the three named Defendants he attributes his factual allegations. (*E.g.*, *id.* ¶ 5 ("Plaintiff was employed by Defendants . . . ."), ¶ 10 ("Defendant offered Plaintiff reassignment to a different position, which Plaintiff declined.").)

Under both Rules 8(a)(2) and 12(b)(6), a complaint must allege which Defendants engaged in what wrongful conduct with greater specificity. *See, e.g.*, *Falat*, 2013 WL 1163751, at *3; *Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015) (dismissing pursuant to Rule 8 because the "Plaintiffs' Complaint fails to separate out the liability

6

for each defendant"); *Ingris v. Borough of Caldwell*, No. 14-855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading."); *Shaw v. Hous. Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) ("Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants." (citation omitted)). Absent specific allegations of what each Defendant did, the Court is unable to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *cf. Swain v. City of Philadelphia*, No. 23-3258, 2023 WL 8258781, at *2–3 (E.D. Pa. Nov. 29, 2023) (dismissing *pro se* complaint for failure to comply with Rule 8 and failure to state a claim under Rule 12(b)(6) where plaintiff "has not adequately described the relevant who, what, where, when, and how that form the basis for her claims").

The deficiencies in Plaintiff's Complaint also extend to the individual counts he alleges. Count One of Plaintiff's Complaint is "Violation of the Americans with Disabilities Act (ADA)." (*See* Compl. ¶¶ 13–16.) The ADA is divided into five distinct titles: Title I (employment), Title II (public services and programs), Title III (public accommodations), Title IV (telecommunications), and Title V (miscellaneous provisions). *See* 42 U.S.C. §§ 12111–12213; 47 U.S.C. § 225. Plaintiff's Complaint suggests that he intends to bring a claim under Title I of the ADA, which prohibits disability discrimination in employment. *See* 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . [the] discharge of employees . . . ."). Before bringing a Title I claim in federal court, a plaintiff must first exhaust his administrative remedies with the Equal Employment Opportunity Commission ("EEOC") or relevant state agency. *Simko v. U.S. Steel Corp*, 992 F.3d 198, 204 (3d Cir. 2021)

7

(citing *Churchill v. Star Enters.*, 183 F.3d 184, 190 (3d Cir. 1999)); *see* 42 U.S.C. § 12117(a) (adopting Title VII enforcement scheme, including procedural requirements, for ADA); 42 U.S.C. § 2000e-5(e)(1). That means a plaintiff must (1) timely file an administrative charge alleging his employer engaged in disability discrimination, (2) await a right-to-sue letter from the EEOC notifying the plaintiff that he may bring his claim in federal court, then (3) timely file his ADA lawsuit. *See Cortes v. Univ. of Med. & Dentistry of N.J.*, 391 F. Supp. 2d 298, 310 (D.N.J. 2005) (explaining that a plaintiff alleging employment discrimination in New Jersey must file a charge with the EEOC within 300 days of the employer's allegedly unlawful conduct); 42 U.S.C. § 2000e-5(f)(1) (providing that a plaintiff must file suit within 90 days of receiving a right-to-sue letter from the EEOC); *see also Churchill*, 183 F.3d at 190 (explaining that a plaintiff may file suit in federal court prior to receiving a right-to-sue letter from the EEOC after 180 days have passed since he filed an administrative charge). "The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." *Williams v. E. Orange Cmty. Charter Sch.*, 396 F. App'x 895, 897 (3d Cir. 2010) (per curiam) (quoting *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996)).

Plaintiff does not plead that he exhausted his administrative remedies prior to filing this lawsuit, and the Court cannot reasonably infer exhaustion from Plaintiff's Complaint. Plaintiff does not allege he filed a charge of discrimination with the EEOC or that the agency issued a notice of his right to sue, nor has he provided copies of either document. (*See* Compl.) Such "non-exhaustion constitutes a ground for dismissal for failure to state a claim on which relief may be granted" under Rule 12(b)(6). *Itiowe v. NBC Universal Inc.*, 556 F. App'x 126, 128 (3d Cir. 2014) (per curiam) (citing *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 87 (3d Cir. 2000)); *see Houston v. Township of Randolph*, 934 F. Supp. 2d 711, 740 (D.N.J. 2013) ("Filing an administrative claim

before the EEOC was a prerequisite to [Plaintiff's] claim under Title I of the ADA. Only once that hurdle has been surmounted can a court consider whether he is qualified for the job with a reasonable accommodation." (citation omitted)), *aff'd*, 559 F. App'x 139 (3d Cir. 2014); *see also Williams*, 396 F. App'x at 897–98 (affirming grant of summary judgment in employer's favor on *pro se* plaintiff's ADA failure-to-accommodate claim and finding that "the District Court properly concluded that [Plaintiff] failed to exhaust her administrative remedies for her ADA claim").

Further, irrespective of any administrative exhaustion by Plaintiff and any forfeiture by Defendants, Plaintiff's ADA claim must be dismissed for additional reasons.[4] To bring a claim under Title I of the ADA, a plaintiff must demonstrate that he (1) is disabled within the meaning of the ADA, (2) "is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer," and (3) "suffered an otherwise adverse employment decision as a result of discrimination." *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020) (quoting *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999)). An "adverse employment decision" under the third element "include[s] refusing to make

---

[4] As a non-jurisdictional pre-suit requirement and claim-processing rule, failure to exhaust administrative remedies is subject to forfeiture. *See Simko*, 992 F.3d at 204 n.5 (quoting *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982)); *Taylor v. Se. Pa. Transp. Auth.*, No. 23-2140, 2024 WL 3203318, at *9 (E.D. Pa. June 27, 2024). That said, to the extent Defendants forfeited the exhaustion requirement by not raising it in response to Plaintiff's instant Complaint, they may yet do so in response to any amended complaint. Plaintiff is thus put on notice that administrative exhaustion remains a barrier to his ADA claim. He may potentially cure his failure to exhaust by filing a charge with the EEOC before pursuing an ADA claim in a lawsuit, although the Court notes that it is unclear whether such a charge would be timely, as Plaintiff's Complaint appears to concern events in January and February of 2025, i.e., over 300 days ago. *See Cortes*, 391 F. Supp. 2d at 310 (explaining that a plaintiff's administrative charge is timely if filed with the EEOC within 300 days of the employer's allegedly unlawful conduct); *Zizza v. Insource, Inc.*, No. 19-464, 2020 WL 13801531, at *2 (E.D. Pa. Feb. 28, 2020) ("[T]he United States Court of Appeals for the Third Circuit has explicitly held that the premature filing of a claim requiring exhaustion with the EEOC is not a jurisdictional defect, and, therefore, it may be cured by exhausting administrative remedies after the complaint is filed." (citing *Gooding v. Warner-Lambert Co.*, 744 F.2d 354, 358 (3d Cir. 1984))).

reasonable accommodations for a plaintiff's disabilities." *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 504 (3d Cir. 2010).

Even assuming that Plaintiff intends to bring a Title I claim, that Title I applies,[5] and that Plaintiff is both "disabled" and "qualified" as defined by the ADA,[6] Plaintiff's ADA claim falls short under Rules 8 and 12(b)(6). As discussed hereinabove, Plaintiff's factual allegations are sparse. The crux of his Complaint appears to be that, while he was on FMLA leave from his job at the Arc, he was told his "services" as an Enterprise Site Supervisor were "no longer required" and was "offered . . . reassignment to a different position." (Compl. ¶¶ 5, 7, 10.) He says he "declined" reassignment and was "subjected to unlawful termination," which "Defendant" wrongly "classified . . . as a voluntary resignation." (*Id.* ¶¶ 10–11, 14.) Plaintiff later asserts—without making any allegations that he has a disability, needed accommodations to perform his job, or communicated any such need or request to his employer—that he was "not provided . . . an opportunity to discuss accommodations related to his medical leave and disability status." (*Id.* ¶ 12); *see Colwell*, 602 F.3d at 504 (explaining elements of failure-to-accommodate claim, including that "the employee requested accommodations or assistance for his or her disability").

The sparse and conclusory nature of Plaintiff's allegations make it unclear whether Plaintiff contends that "Defendant's" alleged failure to "provide[] . . . an opportunity to discuss accommodations" was related to his allegedly "unlawful termination" or whether the allegations

---

[5] It is unclear to the Court, for example, whether any Defendant is an "employer" as defined by the ADA. *See* 42 U.S.C. § 12111(5)(A) (defining an "employer" as having "15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year"); *Houston*, 934 F. Supp. 2d at 739 n.26 (noting insufficient information to determine whether defendant had enough employees to be considered an "employer" under Title I of the ADA).

[6] Although Plaintiff's Complaint contains no allegations as to the first two elements of a Title I claim, Defendants appear to concede both elements for purposes of their Motion. (MTD at 8 ("Plaintiff's disability status and qualifications for the position are undisputed, thereby satisfying the first two elements . . . .").)

10

are distinct. (Compl. ¶¶ 12, 14.) Plaintiff also asserts that "Defendant" failed to "engage in a good-faith interactive process as required by law." (*Id.* ¶ 15.) This conclusory statement appears aimed at the claim element that a plaintiff must show his employer "did not make a good faith effort to assist the employee in seeking accommodations." *Colwell*, 602 F.3d at 504. However, "a formulaic recitation of a cause of action's elements will not do" under Rules 8 or 12(b)(6). *Twombly*, 550 U.S. at 545; *see Oliver v. Scranton Materials, Inc.*, No. 14-549, 2015 WL 1003981, at *8 (M.D. Pa. Mar. 5, 2015) (dismissing ADA claim and reasoning in part that plaintiff's "pleadings constitute a paradigmatic example of a 'formulaic recitation of a cause of action's elements' that does not state 'the grounds of [Plaintiff's] entitlement to relief'" (alteration in original) (quoting *Twombly*, 550 U.S. at 545)).

In short, Plaintiff fails to present "a short and plain statement" showing entitlement to relief under the ADA and fails to adequately allege a connection between any disability and any adverse employment action, whether in the form of termination, failure to accommodate, or otherwise. Fed. R. Civ. P. 8(a)(2); *cf. Oliver*, 2015 WL 1003981, at *8 ("When Plaintiff does not provide the Court with any indication of what occurred to support her disability allegations, the Court cannot engage in the necessary 'individualized assessment' to determine whether she can state a claim under the ADA. . . . In situations such as this, dismissal for failure to state a claim is warranted under *Twombly* and *Iqbal*." (quoting 29 C.F.R. § 1630.2(j)(1)(iv))); *Geronimo v. Pottsville Ford*, No. 20-2145, 2021 WL 4189629, at *6 (M.D. Pa. Sept. 14, 2021) (dismissing failure-to-accommodate claim where "Plaintiff d[id] not describe what reasonable accommodations she required or requested, nor d[id] she describe what reasonable accommodations Defendant denied"); *Tshudy v. Pa. State Univ.*, No. 22-1431, 2022 WL 17084384, at *5 (M.D. Pa. Nov. 18, 2022) (same).

11

Plaintiff's FMLA claim is similarly deficient.[7] (*See* Compl. ¶¶ 17–20.) It is again unclear what type of claim Plaintiff intends to bring—FMLA interference, retaliation, or both. Count II of Plaintiff's Complaint is "Violation of the Family and Medical Leave Act," and under that heading he asserts in conclusory fashion that "Defendant interfered with [his] right to reinstatement upon conclusion of his leave" and "Defendant's actions constitute unlawful retaliation against Plaintiff for exercising his FMLA rights." (*Id.* ¶¶ 19–20; *see also* Opp. at 4 (arguing that Complaint plausibly alleged both FMLA interference and retaliation claims).) However, FMLA interference and retaliation claims have distinct legal elements and standards. *Compare D'Ambrosio v. Crest Haven Nursing & Rehab. Ctr.*, 755 F. App'x 147, 153 (3d Cir. 2018) (interference claim), *and Sommer v. Vanguard Grp.*, 461 F.3d 397, 399 (3d Cir. 2006) (same), *with Pontes v. Rowan Univ.*, No. 20-2645, 2021 WL 4145119, at *6 (3d Cir. Sept. 13, 2021) (retaliation claim), *and Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 256 (3d Cir. 2014) (same). Plaintiff's Complaint is thus a "shotgun pleading" on multiple accounts: it fails to "separate each cause of action or claim for relief into its own distinct count" and "asserts multiple claims against multiple defendants without specifying which of them are responsible for which acts or omissions." *Cambridge Mut. Fire Ins. Co. v. Stihl Inc.*, No. 22-5893, 2023 WL 5928319, at *2 (D.N.J. Sept. 12, 2023). As such, Plaintiff's Complaint "fail[s] to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests" and must be dismissed. *Id.* (quoting *Grande v. Starbucks Corp., C.A.*, No. 18-04036, 2019 WL 1455445 at *3 (E.D. Pa. Apr. 1, 2019)); *see id.* ("Complaints that violate Rule 8 are often referred to as 'shotgun pleadings.' The Third Circuit has criticized 'the all too common shotgun pleading approach' to complaints, which conflicts with the mandates

---

[7] The Court notes that the FMLA, unlike the ADA, has no administrative exhaustion requirement. *See, e.g., Churchill*, 183 F.3d at 190.

12

of Rule 8(a)(2)." (cleaned up) (citations omitted)); *Patrick v. Equifax Info. Servs., LLC*, No. 23-4092, 2024 WL 2077036, at \*4 (D.N.J. May 9, 2024) ("A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both.").

Furthermore, as with his ADA claim, Plaintiff offers only bare and conclusory assertions in support of his FMLA claim and thus fails to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiff at least pleads some FMLA claim elements, such as that he took FMLA leave and that Defendants' alleged misconduct was very close in time to that leave. *See Wright v. Providence Care Ctr., LLC*, 822 F. App'x 85, 94 (3d Cir. 2020) ("In certain narrow circumstances, an 'unusually suggestive' proximity in time between the protected activity and the adverse action may be sufficient, on its own, to establish the requisite causal connection." (quoting *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 302 (3d Cir. 2007))). Nonetheless, Plaintiff's bare-bones Complaint does not "provide nearly enough detail . . . to state a plausible FMLA claim." *White v. SP Plus Corp.*, 858 F. App'x 488, 490 (3d Cir. 2021) (per curiam). Plaintiff alleges his position was "eliminated" prior to his return from FMLA leave and concedes he was offered reassignment to another position within the same department. (Compl. ¶¶ 7, 9–10.) Without more, these allegations fail to support the reasonable inference that Defendants denied Plaintiff "reinstatement to his former position *or an equivalent one*" for purposes of an FMLA interference claim. *Sommer*, 461 F.3d at 399 (emphasis added) (citing 29 U.S.C. § 2614(a)(1)); *see Emmons v. City Univ. of N.Y.*, 715 F. Supp. 2d 394, 418 (E.D.N.Y. 2010) ("Nor is plaintiff's transfer to another position upon her return sufficient to demonstrate a denial, because she has failed to allege that the new position was not 'equivalent' to her prior position 'in terms of pay, benefits and working conditions, including privileges, perquisites and status.'" (quoting 29 C.F.R. § 825.215(a))); *see also Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 384 (3d Cir. 2002) ("To succeed on his FMLA

claim, Rinehimer had to establish not only that he was not returned to an equivalent position but also that he was able to perform the essential functions of that position."). Nor does Plaintiff sufficiently allege that elimination of his position, especially combined with an offer of reassignment within the same department, constitutes an adverse employment action for purposes of an FMLA retaliation claim. *See, e.g.*, *White*, 858 F. App'x at 490 (affirming dismissal of FMLA interference and retaliation claims where, *inter alia*, plaintiff "ma[de] general, conclusory allegations," "failed to allege that he was fired as a result of requesting or taking [FMLA] leave" and "it [was] unclear whether [Plainitff] was even fired"). Plaintiff's FMLA claim(s) are thus dismissed pursuant to Rules 8 and 12(b)(6).

Finally, to the extent Plaintiff intends to bring additional claims under any of the statutes listed in the "Jurisdiction and Venue" section of his Complaint, he fails to meet the pleading requirements of Rule 8 and fails to state a claim under Rule 12(b)(6). Plaintiff makes the general assertion that "[t]his Court has jurisdiction . . . pursuant to 42 U.S.C. §1983, 1985(3), 1986 and 1988 . . . [and] pursuant to 28 U.S.C. § 2201 and 2202[] [and] 28 U.S.C. § 1331 and 1343, as [he] alleges violations of the Fifth and Fourteenth Amendments to the United States Constitution and the New Jersey State Constitution." (Compl. ¶ 1.) Even liberally construed, this mere recitation of statutes without any factual development is plainly insufficient. *See, e.g.*, *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 776 (D.N.J. 2013) ("At a minimum, a plaintiff must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Merely listing a statutory provision amongst a host of other statutes in one short paragraph of a complaint does not satisfy this standard. Accordingly, . . . [Plaintiff] has failed to state a claim upon which relief can be granted." (citations omitted)); *Sbeih v. Township of E. Brunswick*, No. 12-5893-PGS, 2013

WL 1224463, at *2 (D.N.J. Mar. 25, 2013) ("Here, the Complaint does not set forth any facts but merely cites to statutes. It is insufficient.").

For the foregoing reasons, Plaintiff's Complaint is dismissed.[8] In recognition of Plaintiff's *pro se* status, this dismissal is without prejudice. *See Graham v. Dep't of the Treasury Internal Revenue Serv.*, No. 22-1285, 2023 WL 3597382, at *2 (3d Cir. May 23, 2023) (per curiam) (instructing that the Third Circuit "disfavor[s] dismissing a complaint without giving a pro se litigant an opportunity to amend"); *Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*, 317 F. App'x 135, 138 (3d Cir. 2008) (per curiam) ("*[P]ro se* plaintiffs generally must be given an opportunity to amend the complaint."). Plaintiff shall have thirty (30) days to file an amended complaint. Plaintiff is advised that, should he choose to file an amended complaint, he must, among other things, comply with the requirements of Rule 8, which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must ensure that his allegations are pled with the required level of specificity necessary to give Defendants fair notice of each claim brought against them, *see Twombly*, 550 U.S. at 555.

---

[8] The Court herein addresses only some of the many deficiencies that warrant dismissal of Plaintiff's Complaint. Plaintiff is put on notice that the Complaint could equally be dismissed on other grounds, including but not limited to Plaintiff's failure to adequately allege various elements of his ADA and FMLA claims. *See, e.g.*, *Montville Township v. Woodmont Builders, LLC*, 244 F. App'x 514, 517 (3d Cir. 2007) (explaining that a complaint will only survive a motion to dismiss if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory" (alteration and emphasis in original) (quoting *Twombly*, 550 U.S. at 562)); *see also Clonan v. CentraState Healthcare Sys./Atl. Healthcare Sys.*, No. 24-11399, 2025 WL 906855, at *4 n.11 (D.N.J. Mar. 25, 2025) ("While the Complaint plainly fails to comply with Rule 8, Plaintiff is put on notice that the Complaint could very well be dismissed on other grounds, including but not limited to failure to state a claim under Rule 12(b)(6).").

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss (ECF No. 10) is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice. An appropriate Order will accompany this Memorandum Opinion.

_____

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: March 5, 2026

16