**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN TUCKER,<br>Plaintiff,<br>v.<br>THE ARC, INC. et al.,<br>Defendants. | Civil Action No. 25-12096 (RK) (TJB)<br>**OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon The Arc, Inc., Steven Cook, and Colleen Peterman's (collectively, "Defendants") Motion to Dismiss *pro se* Plaintiff John Tucker's ("Plaintiff") First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure ("Rule(s)") 8 and 12(b)(6). ("Mot.," ECF No. 19.) Plaintiff filed an opposition brief, ("Opp.," ECF No. 21), and Defendants filed a reply, ("Reply," ECF No. 22). The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED** and the FAC is **DISMISSED with prejudice**.

# I. BACKGROUND[1]

## A. FACTUAL BACKGROUND

Plaintiff, proceeding *pro se*, brings three claims in his FAC: (1) failure to accommodate his alleged disability and disability discrimination in violation of the American with Disabilities Act ("ADA"), (2) interference with his rights under the Family and Medical Leave Act ("FMLA"),

[1] The factual allegations in Plaintiff's FAC are accepted as true, and set forth as such herein, for purposes of deciding Defendants' Motion. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

and (3) FMLA retaliation. ("FAC," ECF No. 18.) He seeks declaratory and injunctive relief for these claims as well as damages. (*Id*. at 10.)

Plaintiff alleges that Defendants employed him for over eleven years—from December 27, 2013, through February 3, 2025—most recently as a "Full-Time Enterprise Site Janitorial Supervisor." (*Id.* ¶¶ 9–10.) Plaintiff's position allegedly entailed "supervisory responsibility, independent judgment, and coordination with state agency personnel." (*Id*. ¶ 10.) Plaintiff claims that his performance was "exceptional" and that he received "awards, commendations, and written praise" both from Defendants and from third-party state agencies. (*Id*. ¶ 11.)

In late 2024, Plaintiff took "approved, job-protected" FMLA leave due to a "serious health condition." (*Id*. ¶ 15.) He was medically cleared to return to work on February 3, 2025. (*Id*. ¶ 17.) A week beforehand, on January 27, 2025, Defendants allegedly "conducted an impromptu telephone conference" with Plaintiff, during which Defendants informed Plaintiff that his position had been "eliminated" because "it was no longer needed." (*Id*. ¶¶ 19−20, 61.) Plaintiff claims Defendants offered him "a non-equivalent reassignment within the janitorial department." (*Id*. ¶ 23.) According to Plaintiff, the reassignment would have "[r]emoved [his] supervisory authority; [a]ltered [his] job title, duties, and status; [and] [d]iminished [his] responsibilities and standing within the organization." (*Id*.) Plaintiff says he "declined" Defendants' reassignment offer, which Defendants deemed a voluntary resignation. (*Id*. ¶ 31.) Plaintiff further alleges "[o]n information and belief" that his former position "continued to exist" but was assigned to "other individuals" or was "reconstituted under a different title." (*Id*. ¶ 28.)

As additional support for his claims, Plaintiff makes the following conclusory allegations:

- He is disabled "within the meaning of the ADA," (*id*. ¶ 13);
- Defendants were aware of his disability and his need for accommodation, (*id*. ¶ 14);

- He was "a qualified individual capable of performing the essential functions of his supervisory position, with or without reasonable accommodation," (*id.* ¶ 12); and
- Defendants failed to engage in a "good-faith interactive process . . . to discuss reasonable accommodations," (*id.* ¶ 24).

### B. Procedural History

Plaintiff filed his initial Complaint on June 24, 2025. (ECF No. 1.) On December 16, 2025, Defendants moved to dismiss. (ECF No. 10.) The Court granted Defendants' Motion and dismissed Plaintiff's Complaint without prejudice pursuant to Rules 8 and 12(b)(6). ("First Dismissal," ECF No. 16.) The Court found that Plaintiff engaged in impermissible group pleading, failed to allege exhaustion of administrative remedies under the ADA, and failed to plausibly plead his claims under the ADA and FMLA. (*Id.* at 6−14.) The Court granted Plaintiff leave to amend, (*id.* at 15), and Plaintiff timely filed the FAC on March 16, 2026, (*see* FAC).

On March 30, 2026, Defendants filed the instant Motion, arguing that Plaintiff (1) continues to rely on impermissible group pleading, (2) fails to demonstrate exhaustion of mandatory administrative remedies under the ADA, (3) fails to allege facts identifying a disability, a request for a reasonable accommodation, or a causal connection between a disability and an adverse employment action under the ADA, (4) fails to allege facts demonstrating denial of restatement or a non-equivalent reassignment for purposes of FMLA interference, and (5) fails to plausibly allege causation or pretext for purposes of FMLA retaliation. (Mot. at 7−15.) Plaintiff filed an Opposition, and Defendants submitted a Reply. (*See* Opp.; Reply.)

## II. LEGAL STANDARD

### A. Rule 8

Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule's purpose is to "give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Third Circuit has advised that courts should "be flexible when applying procedural rules" to and "interpreting [the] pleadings" of *pro se* plaintiffs. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." (citation omitted)). However, a plaintiff's *pro se* status does not permit him to ignore the requirements of the federal rules: "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because []he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (per curiam). Even a *pro se* plaintiff must "allege sufficient facts in their complaint[] to support a claim," *Mala*, 704 F.3d at 245, and defendants still require "fair notice" of the claims they will be expected to answer, *Twombly*, 550 U.S. at 555.

### B. RULE 12(B)(6)

For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions and, therefore, are inadequate to survive dismissal. *Iqbal*, 556 U.S. at 678; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224–25 (3d Cir. 2011). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint

has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234–35 (3d Cir. 2008)). Similarly, "conclusory allegations against [d]efendants as a group" that "fail[] to allege the personal involvement of any [d]efendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015) (citing *Aruanno v. Main*, 467 F. App'x 134, 137–38 (3d Cir. 2012) (per curiam)). A plaintiff must allege "meaningful facts which establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When multiple defendants are sued, a plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "*which* [d]efendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013).

## III. <u>DISCUSSION</u>

Notwithstanding the Court's clear and detailed advisements in its First Dismissal Opinion as to the initial Complaint's deficiencies, Plaintiff's FAC again fails to satisfy Rules 8 and 12(b)(6). As explained below, the FAC remains sparse and vague as to the alleged facts underlying Plaintiff's claims and each Defendant's alleged involvement therein. Likewise, as in the initial Complaint, Plaintiff again relies on conclusory allegations to support his claims and still fails to plead ADA exhaustion as well as many of the essential elements of his ADA and FMLA claims. The Court accordingly dismisses Plaintiff's claims and grants Defendants' Motion. Because the Court's First Dismissal Opinion put Plaintiff on notice as to all of the deficiencies that plague his FAC, this dismissal is with prejudice and without leave to amend.

### A. Rule 8 Deficiencies

To begin with, Plaintiff has failed to cure the Rule 8 deficiencies detailed in the Court's First Dismissal Opinion. In particular, Plaintiff continues to engage in group pleading.[2] *See Ingris v. Borough of Caldwell*, No. 14-855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading.").

In his FAC, as in his initial Complaint, Plaintiff "assert[s] multiple claims against multiple defendants without specifying which of them are responsible for which acts or omissions." *Cambridge Mut. Fire Ins. Co. v. Stihl Inc.*, No. 22-5893, 2023 WL 5928319, at *2 (D.N.J. Sept. 12, 2023). Plaintiff thus "fail[s] to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests" in violation of Rule 8. *Id.*; *see Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) ("[T]he 'plain' statement requirement [under Rule 8] . . . prompts [the court] to ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."); *Shaw v. Hous. Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) ("Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants." (citation omitted)). Plaintiff distinguishes between Defendants Cook, Peterman, and The Arc of Mercer County only twice: in the case caption and in the "Parties" section of the FAC. (*See* FAC at 1; ¶¶ 6–8.) Thereafter, Plaintiff groups "Defendants" together without distinction. (*E.g.*, *id.* ¶¶ 14, 19–28, 30–31, 33.)

---

[2] Equally problematic under Rule 8, Plaintiff's FAC allegations remain sparse, vague, and conclusory. *See Itiowe v. NBCUniversal Inc.* (*Itiowe I*), No. 13-4155, 2013 WL 5435487, at *5 (D.N.J. Sept. 27, 2013) ("[T]he Amended Complaint lacks enough factual matter to state a claim under the Rule 8 pleading standard."), *aff'd*, 556 F. App'x 126 (3d Cir. 2014). The Court addresses this issue hereinbelow in the course of addressing Plaintiff's failure to state a claim in violation of Rule 12(b)(6). *See infra.*

Plaintiff's initial Complaint was deficient in exactly the same ways. (*See* First Dismissal at 6 ("As far as the Court can tell, Plaintiff distinguishes between the named Defendants a mere three times: only in the case caption, introductory paragraph, and 'Parties' section of his Complaint . . . ."); *id.* ("Throughout the remainder of Plaintiff's Complaint, Plaintiff groups 'Defendants' together or references an unidentified 'Defendant' without specifying to which of the three named Defendants he attributes his factual allegations.")); *see also Falat*, 2013 WL 1163751, at *3 ("Plaintiffs cannot merely state that '*Defendants* did *x*'—they must specifically allege *which* Defendants engaged in what wrongful conduct."). Plaintiff appears to have made no effort to remedy these deficiencies, despite the Court's explicit directive and thorough explanation that group pleading violates Rule 8 and warrants dismissal.[3] (First Dismissal at 6 ("Plaintiff's Complaint is subject to dismissal first because Plaintiff fails to allege specific wrongdoing against each individual Defendant."); *id.* ("Under both Rules 8(a)(2) and 12(b)(6), a complaint must allege which Defendants engaged in what wrongful conduct with greater specificity." (collecting cases)).) Accordingly, as before, the Court is unable to "draw the reasonable inference that the defendant[s]

[3] Plaintiff disagrees that he has engaged in group pleading. In his Opposition, Plaintiff contends, *inter alia*, that the FAC identifies Defendants Cook and Peterman as participants in the phone call that occurred a week before he was scheduled to return from FMLA leave and identifies Defendant Cook as the Defendant who informed him his position had been eliminated." (Opp. at 3.) Plaintiff's FAC contains no such facts; it alleges only that "*Defendants* conducted an impromptu telephone conference with Plaintiff," during which "*Defendants* informed Plaintiff that his supervisory position had been eliminated." (FAC ¶¶ 19–20 (emphasis added).) Plaintiff's broad blanket assertions, in the "Parties" section of the FAC, that Defendants Cook and Peterman each "made or participated in decisions affecting Plaintiff's terms and conditions of employment, including the decisions challenged herein" offers no greater clarity. (*Id.* ¶¶ 7–8.)

To the extent Plaintiff elaborates upon Defendants' roles in his Opposition, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988); *see Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 14-1206, 2014 WL 3809173, at *1–3 (D.N.J. July 31, 2014) ("The Complaint does not contain factual allegations describing any conduct specifically undertaken by Kellerman, and . . . does not describe who Kellerman is. Only in the brief filed in opposition to the motion does Plaintiff indicate for the first time that Kellerman is the Human Resource manager who actually did the firing. Of course, a complaint may not be amended in briefs filed in opposition to a motion for failure to state a claim. . . . The Complaint against Kellerman must therefore be dismissed." (cleaned up)).

[are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The FAC must therefore be dismissed. *See Nunez v. Morgan Props. LLC*, No. 25-17084, 2026 WL 1213394, at *5 (D.N.J. May 4, 2026) (dismissing *pro se* ADA claim under Rules 8 and 12(b)(6) and noting that group pleading by plaintiff "alone justif[ied] dismissal of Plaintiff's ADA claim"); *Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 14-01206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014) (dismissing *pro se* FMLA claim against individual defendant based on group pleading and explaining that "[a]lleging that 'Defendants' undertook certain illegal acts—without more—injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom when" in violation of Rule 8).

**B. ADA EXHAUSTION**

In its First Dismissal Opinion, the Court also explained at length that a plaintiff must exhaust his administrative remedies before bringing suit under Title I of the ADA, finding that Plaintiff had not adequately alleged such exhaustion. (First Dismissal at 7–9.) Plaintiff has again failed to plead administrative exhaustion under the ADA.

As previously described, before bringing a Title I ADA claim in federal court, a plaintiff must first exhaust his administrative remedies with the Equal Employment Opportunity Commission ("EEOC") or relevant state agency. *Simko v. U.S. Steel Corp*, 992 F.3d 198, 204 (3d Cir. 2021) (citing *Churchill v. Star Enters.*, 183 F.3d 184, 190 (3d Cir. 1999)); *see* 42 U.S.C. § 12117(a) (adopting Title VII enforcement scheme, including procedural requirements, for ADA); 42 U.S.C. § 2000e-5(e)(1). That means a plaintiff must (1) timely file an administrative charge alleging his employer engaged in disability discrimination, (2) await a right-to-sue letter from the EEOC notifying the plaintiff that he may bring his claim in federal court, then (3) timely file his ADA lawsuit. *See Cortes v. Univ. of Med. & Dentistry of N.J.*, 391 F. Supp. 2d 298, 310 (D.N.J. 2005) (explaining that a plaintiff alleging employment discrimination in New Jersey must

file a charge with the EEOC within 300 days of the employer's allegedly unlawful conduct); 42 U.S.C. § 2000e-5(f)(1) (providing that a plaintiff must file suit within 90 days of receiving a right-to-sue letter from the EEOC); *see also Churchill*, 183 F.3d at 190 (explaining that a plaintiff may file suit in federal court prior to receiving a right-to-sue letter from the EEOC after 180 days have passed since he filed an administrative charge).

When a plaintiff fails to exhaust his administrative remedies, the Court may dismiss his ADA employment discrimination claim for failure to state a claim under Rule 12(b)(6). *See Itiowe v. NBC Universal Inc.* (*Itiowe II*), 556 F. App'x 126, 128 (3d Cir. 2014) (per curiam) ("[N]on-exhaustion constitutes a ground for dismissal for failure to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6)."); *Houston v. Township of Randolph*, 934 F. Supp. 2d 711, 740 (D.N.J. 2013) ("Filing an administrative claim before the EEOC was a prerequisite to [Plaintiff's] claim under Title I of the ADA. Only once that hurdle has been surmounted can a court consider whether he is qualified for the job with a reasonable accommodation." (citation omitted)), *aff'd*, 559 F. App'x 139 (3d Cir. 2014); *see also Akopian v. Inserra Supermarkets, Inc.*, No. 23-519, 2024 WL 4894620, at *4 (D.N.J. Nov. 26, 2024) ("[F]ailure to exhaust independently warrants dismissal [of Plaintiff's ADA claims]."); *Williams v. E. Orange Cmty. Charter Sch.*, 396 F. App'x 895, 897–98 (3d Cir. 2010) (per curiam).

The Court detailed the ADA's exhaustion requirement in its First Dismissal Opinion and made clear that Plaintiff's ADA claims are subject to dismissal for failure to exhaust. (*See, e.g.*, First Dismissal at 9 n.4 ("Plaintiff is thus put on notice that administrative exhaustion remains a barrier to his ADA claim.").) Nonetheless, Plaintiff still fails to allege that he exhausted his

administrative remedies under the ADA (or even that he filed a charge with the EEOC).[4] As before, the Court cannot reasonably infer exhaustion from Plaintiff's allegations. (*See id.* at 8 ("Plaintiff does not plead that he exhausted his administrative remedies prior to filing this lawsuit, and the Court cannot reasonably infer exhaustion from Plaintiff's Complaint. Plaintiff does not allege he filed a charge of discrimination with the EEOC or that the agency issued a notice of his right to sue, nor has he provided copies of either document.").) His ADA claims are therefore dismissed under Rule 12(b)(6). *See Tani v. FPL/Next Era Energy*, No. 10-860, 2013 WL 3957710, at *6 (D. Del. July 29, 2013) (dismissing ADA employment discrimination claim and denying leave to amend where plaintiff "was apprised of the necessity to exhaust his administrative remedies and was given leave to cure the pleading deficiencies" yet failed to allege exhaustion in his amended complaint); *Itiowe II*, 556 F. App'x at 128.

### C. SUBSTANTIVE ADA CLAIM

Even if Plaintiff exhausted his administrative remedies, his ADA claims of discriminatory termination and failure to accommodate must still be dismissed because he fails to adequately allege the elements of these claims. To state a discrimination claim under the ADA, a plaintiff's allegations must raise the reasonable expectation that discovery will reveal evidence that he (1) "is

[4] In his Opposition to Defendants' Motion, Plaintiff vaguely suggests an ability to amend and plead exhaustion: "[t]o the extent the Court requires more specificity (e.g., EEOC charge date/right-to-sue date), Plaintiff can promptly amend to attach or plead those dates." (Opp. at 3.) However, the Court already unambiguously directed Plaintiff to provide this "specificity" in an amended complaint to avoid dismissal of his ADA claims on the basis of non-exhaustion. (*See* First Dismissal at 7–9 (detailing requirements for ADA exhaustion, including that a plaintiff must await a right-to-sue letter before filing claims in federal court).) Plaintiff's failure to allege administrative exhaustion in his FAC despite clear notice of this requirement justifies with-prejudice dismissal of his ADA claims. *See, e.g.*, *Itiowe II*, 556 F. App'x at 128. What is more, as the Court also previously explained, Plaintiff appears time barred from filing a charge with the EEOC concerning his ADA allegations if he has not already done so. (First Dismissal at 9 n.4 ("Plaintiff's Complaint appears to concern events in January and February of 2025, i.e., over 300 days ago.")); *see Byrd v. inVentiv Health*, No. 23-4227, 2024 WL 1855070, at *5–6 (D.N.J. Apr. 29, 2024) (finding amendment futile as to time-barred ADA claim).

a disabled person within the meaning of the ADA," (2) "is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer," and (3) "suffered an otherwise adverse employment decision as a result of discrimination." *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020) (quoting *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999)). "Discrimination under the ADA 'encompasses not only adverse actions motivated by prejudice and fear of disabilities, but also includes failing to make reasonable accommodations for a plaintiff's disabilities.'" *Vanessa P., v. Oliver Healthcare Packaging*, No. 26-1215, 2026 WL 2111555, at *2 (E.D. Pa. July 22, 2026) (quoting *Taylor*, 184 F.3d at 306). In turn, to state a failure to accommodate claim under the ADA, "a plaintiff must allege that '(1) he was disabled and his employer knew it; (2) he requested an accommodation or assistance; (3) his employer did not make a good faith effort to assist; and (4) he could have been reasonably accommodated.'" *Dreibelbis v. County of Berks*, 438 F. Supp. 3d 304, 316 (E.D. Pa. 2020) (quoting *Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 157 (3d Cir. 2017)); *see also id.* at 316 n.20 ("[U]nlike other discrimination claims, failure to accommodate claims do not require that an employer's action be motivated by a discriminatory animus directed at the disability . . . ." (internal quotation marks omitted)).

Plaintiff first fails to adequately allege that he is disabled "within the meaning of the ADA" as required for both of his ADA claims. *Eshleman*, 961 F.3d at 245. A person has a disability under the ADA if he has "a physical or mental impairment that substantially limits one or more . . . major life activities," "a record of such an impairment," or is "regarded as having such an impairment," 42 U.S.C. § 12102(2). "A plaintiff is not required, at this early pleading stage, to go into particulars about the life activity affected by an alleged disability or detail the nature of his substantial limitations," but "he still must provide facts that state a claim of disability." *Karipidis v. ACE*

*Gaming LLC*, No. 09-3321, 2010 WL 2521209, at *7–8 (D.N.J. June 9, 2010) (citing *Fowler*, 578 F.3d at 213). Plaintiff provides no such facts. Instead, he makes only bare, vague, and conclusory assertions—that he "is an individual with a disability within the meaning of the ADA,"[5] that Defendants "were aware of [his] disability,"[6] and that he took FMLA leave for "a serious health condition"[7]—which merely track the relevant legal elements and statutory language and amount to legal conclusions. (FAC ¶¶ 13–15.)

These allegations "do not suffice." *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see Karipidis*, 2010 WL 2521209, at *8 (finding disability element insufficiently alleged where plaintiff "simply stat[ed] that [she] lives with an injury, illness or impairment without alleging that the impairment substantially limits a major life activity" and collecting cases in which "courts have dismissed ADA disability claims because the plaintiff failed to adequately plead his disability"); *Amiot v. Kemper Ins. Co.*, 122 F. App'x 577, 580 (3d Cir. 2004) ("The complaint establishes that [Plaintiff's] employer . . . was aware of his impairment but fails to demonstrate that the employer viewed this impairment as substantially impairing [Plaintiff's] ability to work.").[8]

[5] *See Eshleman*, 961 F.3d at 245 (explaining that ADA discrimination claims require that the plaintiff is disabled "within the meaning of the ADA").

[6] *See Dreibelbis*, 438 F. Supp. 3d at 316 (explaining that ADA failure-to-accommodate claims require plaintiff to show "he was disabled and his employer knew it").

[7] *See* 29 U.S.C. § 2612(a)(1)(D) (FMLA provision outlining entitlement to leave because of "a serious health condition").

[8] *See also Ruggiero v. Mount Nittany Med. Ctr.*, 736 F. App'x 35, 40 (3d Cir. 2018) (finding that plaintiff adequately alleged she was disabled under ADA where complaint "identified her specific impairments . . . and further alleged that those impairments limited certain life activities such as sleeping, eating, and engaging in social interaction"); *Stallworth v. Milan Laser Corp.*, No. 25-393, 2025 WL 2637234, at *7 (E.D. Pa. Sept. 12, 2025) (finding plaintiff adequately pleaded disability where she "allege[d] she suffered from 'anxiety, depression, arthritis, and fatigue,' which 'substantially limit[ed] one or more major life activities,' and of which Defendant was aware").

Without factual allegations in support of the disability element, Plaintiff's ADA claims are not plausible. *See Vanessa P.*, 2026 WL 2111555, at *2 ("Without allegations that [he] has a disability under the ADA, [Plaintiff's] claims [of wrongful termination and failure to accommodate] are not plausible."); *Heard v. St. Luke's Hosp.*, No. 08-5494, 2009 WL 3081513, at *3 (E.D. Pa. Sept. 28, 2009) ("Without even a short and plain statement of the impact the impairment has on at least one major life activity, [the allegation] is merely a bald assertion or a vague and conclusory allegation, and lacks the necessary factual matters to establish that [Plaintiff] is disabled within the meaning of the ADA."); *Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007) (per curiam) (affirming district court's dismissal of ADA claim where plaintiff "failed to allege that he is a disabled person within the meaning of the ADA").

Plaintiff likewise fails to adequately allege the remaining elements of his ADA failure-to-accommodate claim. Crucially, Plaintiff nowhere asserts that he requested accommodation from Defendants. This is fatal to his claim. *See Drummer v. Trs. of Univ. of Pa.*, 286 F. Supp. 3d 674, 683 n.45 (E.D. Pa. 2017) ("[E]mployers have an affirmative obligation to discuss potential accommodations with an employee *when put on notice that the employee may need accommodations*." (emphasis added)). Plaintiff's lone, bald assertion that "Defendants were aware of Plaintiff's disability and had actual knowledge of [his] need for accommodation," (FAC ¶ 38), again amounts to only a recitation of the legal element that the employer "knew of [the employee's] alleged disability and [his] desire for an accommodation," *Ruggiero v. Mount Nittany Med. Ctr.*, 736 F. App'x 35, 39 (3d Cir. 2018); *cf. id.* at 40 (finding failure-to-accommodate claim adequately alleged where plaintiff alleged specific facts "sufficient to support an inference that . . . [Plaintiff] communicated to [Defendant] her desire for an accommodation"). Put simply, even liberally construed, Plaintiff pleads no facts that he ever requested an accommodation, when or why he did

so, or what that accommodation entailed.[9] *See Vanessa P.*, 2026 WL 2111555, at *2 ("[Plaintiff] also fails to provide any factual allegations regarding her role . . . , whether she was qualified to perform the essential functions of her job with or without accommodations, *or what accommodation she requested and why*. Without these basic facts, [Plaintiff's] ADA discrimination claims are not plausible and must be dismissed." (emphasis added)); *Geronimo v. Pottsville Ford*, No. 20-2145, 2021 WL 4189629, at *6 (M.D. Pa. Sept. 14, 2021) (dismissing failure-to-accommodate claim where "Plaintiff d[id] not describe what reasonable accommodations she required or requested, nor d[id] she describe what reasonable accommodations Defendant denied"); *Tshudy v. Pa. State Univ.*, No. 22-1431, 2022 WL 17084384, at *5 (M.D. Pa. Nov. 18, 2022) (same).

In support of his failure-to-accommodate claim, Plaintiff further alleges that "[a]t no time did Defendants engage in a good-faith interactive process with Plaintiff to discuss reasonable accommodations related to Plaintiff's known disability." (FAC ¶ 24.) The Court reiterates the admonition in its First Dismissal Opinion: Plaintiff's "conclusory statement appears aimed at the claim element that a plaintiff must show his employer 'did not make a good faith effort to assist the employee in seeking accommodations.' However, 'a formulaic recitation of a cause of action's elements will not do' under Rules 8 or 12(b)(6)." (First Dismissal at 11 (first quoting *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 504 (3d Cir. 2010); then quoting *Twombly*, 550 U.S. at 545)); *see Oliver v. Scranton Materials, Inc.*, No. 14-549, 2015 WL 1003981, at *8 (M.D. Pa. Mar. 5, 2015)

---

[9] For the same reasons, Plaintiff fails to adequately allege an ADA retaliation claim, to the extent he asserts one. A plaintiff bringing a claim of retaliation under the ADA must show "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Ruggiero*, 736 F. App'x at 41. A good faith request for an accommodation constitutes protected activity under the ADA sufficient to support a retaliation claim, but Plaintiff has not pled he made such a request. *See id.* The Court can discern no other ADA-protected activity alleged in Plaintiff's FAC.

(dismissing ADA claim and reasoning in part that plaintiff's "pleadings constitute a paradigmatic example of a 'formulaic recitation of a cause of action's elements' that does not state 'the grounds of [Plaintiff's] entitlement to relief'" (alteration in original) (quoting *Twombly*, 550 U.S. at 545)). Plaintiff's ADA claim for failure to accommodate must therefore be dismissed.[10]

Finally, for the sake of completeness, the Court notes that Plaintiff fails to plead facts in support of the last element of his ADA claim of disability discrimination—that he "suffered an otherwise adverse employment decision as a result of discrimination." *Eshleman*, 961 F.3d at 245. For the reasons just explained, Plaintiff has not plausibly alleged that Defendants failed to accommodate him, so this cannot constitute an adverse action for purposes of his discrimination claim. Moreover, as explained in greater detail below with respect to Plaintiff's FMLA claims, Plaintiff fails to state an adverse action based on his other allegations. *See infra* Section III.D. Plaintiff also fails to plead the "integral element" of "some causal link between the plaintiff's disability and the defendant's allegedly wrongful act." *Sloat v. Off. of Info. Tech.*, No. 19-1595, 2021 WL 5565855, at *5 (M.D. Pa. Nov. 29, 2021). As to causation, Plaintiff contends that Defendants' allegedly adverse employment actions "were motivated, in whole or in part, by Plaintiff's disability and need for accommodation." (FAC ¶ 44.) Again, allegations that "are no more than conclusions . . . are not entitled to the assumption of truth" and "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The FAC contains no factual allegations in support of

[10] The Court further notes, as it did previously, that the connection between Plaintiff's failure-to-accommodate claim and his other allegations remains unclear. This lack of clarity can be attributed to the sparse and conclusory nature of the FAC. (First Dismissal at 10–11 ("The sparse and conclusory nature of Plaintiff's allegations make it unclear whether Plaintiff contends that 'Defendant's' alleged failure to 'provide[] . . . an opportunity to discuss accommodations' was related to his allegedly 'unlawful termination' or whether the allegations are distinct." (alterations in original)).) Plaintiff repeatedly states conclusions without any supportive factual details; he alleges, for example, that "Defendants did not inquire into what, if any, accommodations Plaintiff might need to perform the essential functions of his supervisory position," but he nowhere alleges basic statements such as that he ever requested accommodations or how such requests related to his alleged termination. (FAC ¶ 25.)

causation, so Plaintiff has not raised a plausible right to relief as to his ADA discrimination claim. *See Itiowe v. NBCUniversal Inc.* (*Itiowe I*), No. 13-4155, 2013 WL 5435487, at *4 (D.N.J. Sept. 27, 2013) ("Plaintiff's . . . allegation . . . that her disability was the reason [for the adverse action] . . . is a legal conclusion that cannot be considered by this Court during a Rule 12(b)(6) analysis."), *aff'd*, 556 F. App'x 126 (3d Cir. 2014); *see also id.* ("An individual who is disabled and experiences an alleged adverse employment action does not receive an inference that this action was due to discrimination merely by way of being disabled."); *Bellamy v. Waterfront Square Condos.*, No. 12-6618, 2013 WL 607848, at *3 (E.D. Pa. Feb. 19, 2013) ("Plaintiff cannot simply intone the legal conclusion that she was subject to discrimination." (cleaned up)); *Drummer*, 286 F. Supp. 3d at 683 (explaining that an employer's "mere awareness of a disability does not create an inference of discrimination").

In sum, Defendants' Motion must be granted as to Plaintiff's ADA claims because Plaintiff has failed to sufficiently allege administrative exhaustion and has not pleaded that he is disabled, that he requested an accommodation, that he suffered an adverse employment action, or that any adverse action was causally connected to any disability.

**D. FMLA**

Plaintiff brings two FMLA claims: interference and retaliation. (FAC ¶¶ 47–64.) The Court takes these claims in turn.

FMLA interference claims have two elements. A plaintiff must allege (1) "he was entitled to benefits under the FMLA" and (2) "he was denied them." *Callison v. City of Philadelphia*, 430 F.3d 117, 119 (3d Cir. 2005). Where, as here, a plaintiff claims his former position was eliminated prior to his return from FMLA leave, he must adequately allege he was denied "an equivalent one"

to state an FMLA interference claim.[11] *See Sommer v. Vanguard Grp.*, 461 F.3d 397, 399 (3d Cir. 2006). Plaintiff alleges that Defendants did so here, but his allegations are wholly conclusory.

According to Plaintiff, Defendants failed to "reinstate [him] to an equivalent position in pay, status, benefits, supervisory authority, or job duties." (FAC ¶ 22.) This allegation parallels the relevant statutory language, which provides, in relevant part, that employees are entitled to return to "an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1). "Legal conclusions masquerading as factual conclusions will not suffice to circumvent a motion to dismiss." *Bright v. Westmoreland County*, 380 F.3d 729, 735 (3d Cir. 2004). Plaintiff further asserts that he was offered reassignment "within the janitorial department" that "[r]emoved [his] supervisory authority" and "[d]iminished [his] responsibilities and standing within the organization." (FAC ¶ 23.) Critically, however, the Court cannot reasonably draw the inferences Plaintiff seeks because he fails to provide any factual detail about his former position or the new one. *See Brown v. Harry*, No. 24-317, 2026 WL 1678892, at *1 (W.D. Pa. June 10, 2026) ("[A] court need not accept inferences drawn by a plaintiff if they are unsupported by the facts alleged in the complaint." (citing *Iqbal*, 556 U.S. at 678)). Plaintiff must allege at least some facts—such as the duties he had in his former position that were missing in the reassignment offered—that led him to characterize the reassignment as a loss of "supervisory authority" and conclude that the positions were "non-equivalent." Absent such factual allegations,

[11] Plaintiff alleges "[o]n information and belief" that his former position "continued to exist" but was assigned to "other individuals" or was "reconstituted under a different title." (FAC ¶ 28.) These allegations, even assuming they are relevant, are insufficient to state a claim under the FMLA. *See Guzman v. City of Newark*, No. 20-6276, 2022 WL 1044957, at *7 (D.N.J. Apr. 7, 2022) ("When a plaintiff makes allegations based on information and belief, he must explain the basis for the information and belief." (citing *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 252–53 (3d Cir. 2012))); *In re Processed Egg Prods. Antitrust Litig.*, 851 F. Supp. 2d 867, 880 (E.D. Pa. 2012) ("Allegations 'based upon information and belief' are permissible, 'but only if the pleading sets forth specific facts upon which the belief is reasonably based.'").

Plaintiff has not plausibly alleged interference in violation of the FMLA. *See* 29 C.F.R. § 825.215(a) (explaining that an "equivalent position" for purposes of the FMLA "must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority"); *Emmons v. City Univ. of N.Y.*, 715 F. Supp. 2d 394, 418 (E.D.N.Y. 2010) ("Nor is plaintiff's transfer to another position upon her return sufficient to demonstrate a denial, because she has failed to allege that the new position was not 'equivalent' to her prior position 'in terms of pay, benefits and working conditions, including privileges, perquisites and status.'").

For similar reasons, Plaintiff also fails to adequately allege FMLA retaliation. "The elements of a prima facie claim of retaliation under the FMLA are (1) invocation of a right to FMLA leave, (2) an adverse employment action, and (3) a causal link between the two." *Dreibelbis*, 438 F. Supp. 3d at 320 (cleaned up); *see Pontes v. Rowan Univ.*, No. 20-2645, 2021 WL 4145119, at *6 (3d Cir. Sept. 13, 2021). Reassignment with "significantly different responsibilities" may constitute an adverse action for purposes of an FMLA retaliation claim. *Fitzgerald v. Shore Mem'l Hosp.*, 92 F. Supp. 3d 214, 240 (D.N.J. 2015) (quoting *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 152–53 (3d Cir. 1999)). However, "[a] transfer involving . . . no more than a minor change in working conditions will not do." *Wright v. Providence Care Ctr., LLC*, No. 17-747, 2017 WL 6059679, at *7 (W.D. Pa. Dec. 7, 2017); *see id.* ("A purely lateral transfer, that is, a transfer that does not involve a demotion in form or substance, cannot rise to the level of a materially adverse employment action."). As just explained, Plaintiff has not pled sufficient non-conclusory allegations to allow the Court to reasonably infer that the reassignment he was offered within the janitorial department entailed "significantly different responsibilities."

Plaintiff also alleges he was constructively discharged, notwithstanding that his refusal to accept the reassignment was deemed a "voluntary resignation" by Defendants, and notwithstanding his acknowledgement that he was offered another position in the same janitorial department. (FAC ¶¶ 23, 31, 33.) Constructive discharge is another type of adverse employment action, but Plaintiff fails to plead facts in support of this claim. "A plaintiff who voluntarily resigns may assert a claim of constructive discharge when the employer's allegedly discriminatory conduct creates an atmosphere that is the constructive equivalent of a discharge," i.e., when his employer imposed conditions "so intolerable . . . that a reasonable person would have been forced to resign." *Roadman v. Select Specialty Hosp.*, No. 16-246, 2018 WL 557922, at *4 (W.D. Pa. Jan. 23, 2018) (internal quotation marks omitted).

Courts in the Third Circuit consider factors such as whether the employee was demoted, subjected to reduced pay or benefits, or involuntarily transferred to "a less desirable position." *Id.* (citing *Colwell*, 602 F.3d at 503); *see Stremple v. Nicholson*, 289 F. App'x 571, 574 (3d Cir. 2008) (agreeing that plaintiff showed constructive discharge based on "a slow degradation of his responsibilities, status, and authority" that "forced [him] out of his position"); *Wilson v. Columbia Gas of Pa.*, 676 F. Supp. 3d 424, 439–40 (W.D. Pa. 2023) ("[A] drastic change in employment status or responsibilities can amount to a constructive discharge. Specifically, a demotion, particularly one that is accompanied by a significant loss of salary, prestige or responsibilities, or is otherwise humiliating, may also, on its own, give rise to a constructive discharge claim." (internal quotation marks omitted)). Again, because Plaintiff offers only conclusory assertions that the offered reassignment was "inferior," the Court cannot reasonably infer that these factors are present. (FAC ¶¶ 53(d), 58(c).) Plaintiff simply recites the relevant statutory language in vague, conclusory, and formulaic fashion, but his FAC contains no facts that show (rather than simply

say) he was demoted. *Compare* 29 U.S.C. § 2614(a)(1) (providing that an employee is entitled to return from FMLA leave to "an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment"), *with* (FAC ¶ 22 ("Defendants did not reinstate Plaintiff to an equivalent position in pay, status, benefits, supervisory authority, or job duties."); *see also* FAC ¶¶ 18, 51–52.) Nor does Plaintiff's rejection of the reassignment mean the position was "less desirable" for purposes of constructive discharge; the Third Circuit "employ[s] an objective test and thus an employee's subjective perceptions of unfairness or harshness do not govern a claim of constructive discharge." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 169 (3d Cir. 2013). Accordingly, Plaintiff's FMLA retaliation claim must also be dismissed.

* * *

For the foregoing reasons, the Court finds that "dismissal with prejudice [is] warranted in this case." *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007) (per curiam) (citing *In re Westinghouse Sec. Litig.*, 90 F.3d at 703–04). The Court provided Plaintiff with "a detailed roadmap" for curing each of the above deficiencies that were present in his initial Complaint, yet Plaintiff filed an amended complaint that contains the same deficiencies and remains insufficient under Rules 8 and 12(b)(6). *Calif. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 166 (3d Cir. 2004) (affirming dismissal with prejudice and without leave to amend where district court "provided Plaintiffs with a detailed roadmap for curing the deficiencies in their claims" and amended complaint "did not cure these deficiencies").

Under these circumstances, the Court concludes that amendment would be futile and prejudicial to Defendants, and dismissal with prejudice is appropriate. *See id.* at 165 ("Plaintiffs chose at their peril not to heed the District Court's guidance and avail themselves of an opportunity to rectify the deficiencies of the Amended Complaint. Under this scenario, justice does not require that leave to amend be given."); *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144

(3d Cir. 2002) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them. . . . [P]laintiff should not be granted a second leave to amend when [he] was on notice of the complaint's deficiencies and failed to rectify them with his first amendment." (final alteration in original)); *Defalco v. Rutgers Univ. Police Dep't*, No. 15-6607, 2019 WL 2591031, at *5 (D.N.J. June 25, 2019) ("When a plaintiff chooses to ignore instruction from the court, the plaintiff does so at the plaintiff's peril; the plaintiff's deficient claims will be dismissed with prejudice." (cleaned up) (quoting *Despot v. Keystone Insurers Grp., Inc.*, No. 08-0166, 2008 WL 3837395, at *8 (M.D. Pa. Aug. 13, 2008))); *Freeman v. TD Bank*, No. 25-1394, 2025 WL 3268455, at *2 (3d Cir. Nov. 24, 2025) (per curiam) (affirming denial of leave to amend where "the [district] court clearly explained why the original complaint was deficient and it need not have provided more advice" (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013))); *Brown v. Cantineri*, No. 14-6391, 2017 WL 481467, at *2 (D.N.J. Feb. 6, 2017) ("Because I have already given [plaintiff] one opportunity to amend, this dismissal is with prejudice.").

## CONCLUSION

For the foregoing reasons, Defendants' Motion (ECF No. 19) is **GRANTED**. The FAC is **DISMISSED WITH PREJUDICE** in its entirety.

An appropriate Order will accompany this Opinion.

Dated: September 3, 2026

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**